COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


CARLA STURTZ, BENEFICIARY OF,
 THOMAS E. STURTZ, JR. (DECEASED)
                                              OPINION BY
v.    Record No. 2937-01-2            JUDGE WILLIAM H. HODGES
                                           AUGUST 20, 2002
CHESAPEAKE CORPORATION OF VIRGINIA AND
 PACIFIC EMPLOYERS INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Stephen T. Harper (Kerns, Kastenbaum, &
              Reinhardt, on brief), for appellant.

              Douglas A. Seymour (Siciliano, Ellis, Dyer &
              Boccarosse, on brief), for appellees.


     Carla Sturtz (claimant), beneficiary of Thomas E. Sturtz,

Jr. (decedent), appeals a decision of the Workers' Compensation

Commission denying claimant's claim for survivor death benefits

for herself and her twenty-year-old son, a full-time student.

Claimant contends the commission erred in finding that her claim

for death benefits due to a fatal compensable consequence was

barred by the limitation period contained in Code § 65.2-512.

Finding no error, we affirm.

     The facts are undisputed.  On September 8, 1986, while

working for employer, the decedent sustained a compensable

injury by accident when a calendar dryer blew up and flying

debris hit his head.  The decedent suffered a traumatic brain

injury as a result of the accident.  The commission entered an award, by agreement of the parties, for temporary total disability (TTD) benefits beginning September 16, 1986. Employer paid decedent TTD benefits for the maximum period allowed under Code § 65.2-518, 500 weeks.

On January 3, 1997, by agreement of the parties, the commission entered an award in favor of the decedent for permanent total disability (PTD) benefits under Code § 65.2-503(C), beginning April 8, 1996, payable for life.

On February 5, 1999, the decedent was killed by a gunshot wound to the chest after a confrontation with police arising out of a domestic disturbance at his home.

On July 30, 1999, employer filed an application with the commission seeking to terminate the PTD award.  On October 22, 1999, claimant filed a claim for death benefits, alleging that the decedent's death was a compensable consequence of his original September 8, 1986 injury by accident.

On December 13, 1999, the deputy commissioner terminated the PTD award due to the decedent's death and referred claimant's October 22, 1999 claim to the hearing docket.  The parties did not appeal that decision.

On September 20, 2000, claimant amended her claim to allege that either a new accident or a compensable consequence occurred on February 5, 1999.

The commission found that claimant's claim was barred by the statutory limitation contained in Code § 65.2-512.[1]

Code § 65.2-512, in its pertinent part, provides as follows:

> A. If death results from the accident within nine years, the employer shall pay, or cause to be paid, compensation in weekly payments equal to 66 2/3 percent of the employee's average weekly wages . . . .
>
> 1. To those persons presumed to be wholly dependent upon the deceased employee . . . for a period of 500 weeks from the date of injury . . . .

Code § 65.2-518 provides in pertinent part that "[t]he total compensation payable under this title shall in no case be greater than 500 weeks . . . ."

"The commission's conclusions of law are not binding on this Court." Thomas Refuse Serv. v. Flood, 30 Va. App. 17, 20, 515 S.E.2d 315, 317 (1999). However,

> [w]hen interpreting Code § [65.2-512], or any other statute, we follow the settled rule that the construction accorded a statute by public officials charged with its administration is entitled to be given weight by the courts. Indeed, [this Court] has said that the Commission's construction of the Workers' Compensation Act should be given "great" weight.

Bohle v. Henrico County Sch. Bd., 246 Va. 30, 35, 431 S.E.2d 36, 39 (1993) (citations omitted).

---

[1] The parties did not challenge before the full commission the deputy commissioner's March 1, 2001 decision finding that the decedent's death was causally related to the original accident in 1986. Thus, that finding is binding and conclusive upon us.

Claimant argues that under the holding in Leonard v. Arnold, 218 Va. 210, 237 S.E.2d 97 (1977), the decedent's death constituted a "new and separate accident" that resulted as a compensable consequence of his 1986 brain injury. Therefore, she contends that February 5, 1999 should be considered a new date of injury, rendering claimant's October 22, 1999 claim an original claim for benefits that was not barred by the nine-year limitation period because the decedent's death occurred within hours or minutes of this "new" accident on February 5, 1999. Consequently, claimant argues that the decedent's dependents are entitled to an additional 500-week maximum period of disability benefits. In rejecting these arguments, the commission found as follows:

> [W]e note that a careful reading of Leonard v. Arnold reveals no basis upon which to conclude that the Court - - by bringing "new and separate accidents" within the ambit of the doctrine of compensable consequences - - intended to bestow upon these subsequent claims the same status as an original accidental injury for which benefits are awardable, independent of the first compensable injury. The "new and separate accident" language was used by the Court as a contrast to the "change in condition" language that was already recognized by the Commission as compensable prior to that time - - such as direct progressions, deteriorations or aggravations of the original injuries. The Court demonstrated that new accidents, resulting in new and different injuries, could also be proven causally related to the original injuries and should therefore be compensable.

Standing alone, the decedent's death on February 5, 1999 at the hands of police officers at his home after a domestic disturbance is in no way an "accident arising out of and in the course of employment." Therefore, this claim can only be found compensable if it is proven to have resulted as a direct causal consequence of the original accident in 1986. Leonard v. Arnold and its progeny instruct that all claims causally related to the original accident, but which amount to new and separate accidents must be submitted to the employer and the Commission within the original statute of limitations or they will be forever barred. Because these events constitute an unbroken "chain of causation," the subsequent accident and injuries resulting from it, are treated as part of the original claim and do not result in the establishment of a new, original, separate and independent claim file.

Finally, we find nothing in the Act that suggests that the General Assembly intended to extend the right of dependents to claim death benefits beyond the nine-year period set out in Code § 65.2-512. The statute clearly states that death benefits are awardable only if death results within nine years from "the accident." Because the decedent's death occurred more than nine years after his compensable accident on September 8, 1986, no death benefits are payable to the claimant or her son pursuant to Code § 65.2-512.

(Footnote and citation omitted.)

We agree with the commission's interpretation of Leonard and Code § 65.2-512. Nothing in Leonard supports claimant's argument. Leonard stands for the proposition that "[w]hen a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of employment, every natural

- 5 -

consequence that flows from the injury is compensable if it is a direct and natural result of a primary injury." Id. at 214, 237 S.E.2d at 99. The Leonard Court concluded that if the evidence shows that the subsequent injury did not naturally flow from a progression, deterioration, or aggravation of the initial injury, then the subsequent injury is the result of a new and separate accident, not a change in condition. Id. Under these circumstances, the new and separate injury arising out of the first injury requires the claimant to give notice to employer of the accident and to file a claim with the commission with the time limitations described in Code § 65.1-87 (now Code § 65.2-601). Leonard, 218 Va. at 214-15, 237 S.E.2d at 100. Leonard did not expand the claimant's entitlement to benefits, but only expanded the period of time for which a claim for an injury due to an accident caused by a compensable consequence could be made within the statutory maximum.

In addition, nothing in Code § 65.2-512 provides for a new limitation period for accidental injuries, which are deemed to constitute compensable consequences of an original injury by accident. The basis upon which the February 5, 1999 incident was found to constitute an accident was that it qualified as a compensable consequence of the original injury. By itself, the February 5, 1999 incident did not constitute an injury by accident arising out of and in the course of the decedent's employment. Thus, because the decedent's death did not occur

- 6 -

within nine years from the original September 8, 1986 injury by accident, the commission correctly determined that claimant and her son were not entitled to an award of death benefits.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

Benton, J., concurring.

This appeal concerns the interpretation of the death benefits provision of the Workers' Compensation Act. In pertinent part, Code § 65.2-512(A) provides that "[i]f death results from the accident within nine years, the employer shall pay, or cause to be paid, compensation." The issue is whether the words "the accident" refer only to the event that gave rise to the original compensable injury by accident or whether the words also include a later event that causes an additional injury which is compensable under the doctrine of compensable consequence. I agree with the majority that the commission correctly ruled that the statute refers to the original event.

The commission's opinion properly concludes that the employee's reliance on Leonard v. Arnold, 218 Va. 210, 237 S.E.2d 97 (1977), is misplaced. I write separately, however, solely to address the following sentence in the commission's opinion:

> Leonard v. Arnold and its progeny instruct that all claims causally related to the original accident, but which amount to new and separate accidents must be submitted to the employer and the Commission within the original statute of limitation or they will be forever barred.

If the words "original statute of limitation" relate to the statute of limitations in effect for the filing of a new claim for benefits, I agree with the tenor of the sentence. If, on the other hand, the words were intended to refer to the statute

- 8 -

of limitations applicable to the original claim for benefits that already has been filed, I disagree with the import of the sentence.

In Leonard, an employee sustained a compensable injury by accident to his heel on June 3, 1974.  Eight days later, on June 11, while wearing crutches to assist him in walking and "descending the stairs in a restaurant . . . [,] his crutches caught in some metal stripping which caused him to fall."  Id. at 212, 237 S.E.2d at 98.  The Court ruled that the back and neck injuries the employee sustained on June 11 "were the result of a new and separate accident" and were a compensable consequence of the June 3 injury.  Id. at 214, 237 S.E.2d at 99. The Court then addressed when the statute of limitations began to run on a claim for "injuries [that] . . . were compensable under the doctrine of compensable consequences," where "the injuries  . . . were the result of a new and separate accident, not from a 'change in condition' resulting from his first accident."  Id. at 214, 237 S.E.2d at 99-100.  The Court held that the time for filing the claim for the injuries resulting from the "new and separate accident" began to run on "June 11," which was the date of the occurrence of the "new and separate accident."  Id. at 215, 237 S.E.2d at 100.  See also Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 796-97, 407 S.E.2d 1, 4-5 (1991) (holding that where the new injury is a compensable consequence of the initial injury, the statute of limitations

- 9 -

runs from the date of the new injury).  This case is not governed by Leonard.

The period of nine years contained in Code § 65.2-512(A) is not in the ordinary sense a statute of limitations because it does not establish a time limit for either filing a claim with the commission or notifying the employer of the event. "[C]ompensability and the time limitations within which a compensable claim must be asserted are separate and distinct issues."  Id. at 793, 407 S.E.2d at 3.  See also Vaughn, Inc. v. Beck, 262 Va. 673, 679, 554 S.E.2d 88, 91 (2001) (distinguishing between a statute of limitations and a statutory time period that is a part of the cause of action).  The period of nine years denotes a fact to be proved as a condition precedent to the entitlement to death benefits when death results from the injury by accident.  Leonard does not extend the period of entitlement for death benefits upon proof of the occurrence of a "new accident" that is a compensable consequence of the original injury by accident.  Furthermore, nothing in the express words of the statute or in the spirit of the Act suggests that the legislature intended to extend the period of entitlement to the death benefits when there has been an occurrence of a compensable consequence of the original injury by accident.  In this case, the injury by accident occurred in 1986 and the death occurred in 1999, more than nine years after the event that gave

rise to the injury by accident.  Thus, I concur in affirming the commission's decision.