COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McClanahan and Alston
Argued at Alexandria, Virginia


WAYNE SMITH

MEMORANDUM OPINION[*] BY
v.       Record No. 0991-10-4                JUDGE ELIZABETH A. McCLANAHAN
FEBRUARY 22, 2011

ROCKINGHAM (COUNTY OF) AND
  VIRGINIA ASSOCIATION OF COUNTIES
  GROUP SELF-INSURANCE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Gregory P. Perigard (Burgess, Kernbach & Perigard, PLLC, on
brief), for appellant.

Wade T. Anderson (John C. Johnson; Frith Anderson & Peake,
P.C., on brief), for appellees.


The claimant appeals the Workers' Compensation Commission's holding that he failed to

prove his injury arose out of his employment. We view the evidence on appeal in the light most

favorable to "the prevailing party before the commission." Dunnavant v. Newman Tire Co., 51

Va. App. 252, 255, 656 S.E.2d 431, 433 (2008) (citation omitted). Finding no error of law in the

commission's reasoning or any irrationality in its factfinding, we affirm.

On November 11, 2008, Smith, a lieutenant in the Rockingham County Fire Department,

was climbing into a fire engine.[1] He put his foot on the first step, 23 inches above the ground,

and placed his hand on the bar pulling himself into the engine. Smith testified that when he

pulled himself onto the first step, his foot slipped causing his right knee to twist, resulting in

immediate right knee pain. He further testified that while he was not certain exactly what caused

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Smith had worked as a fireman with the Rockingham County Fire Department for 16
years at the time of the accident.

his foot to slip, the injury resulted from the fact that he was in "an awkward position" with all of his weight on his right knee and that he had an immediate onset of right knee pain. He could only speculate that he slipped because of the height of the step.

Smith acknowledged that it was a regular part of his employment to get in and out of the fire truck in the manner described at the time of the accident. He also acknowledged that he was not carrying anything while climbing the steps, the step was not defective, and he was not aware of any moisture on the step. Smith was not responding to a call and was stepping up as he had done countless times before.

Smith reported the injury that same day and sought medical attention the following day. Smith's treating physician, Basil E. Smith, M.D., confirmed that Smith's right knee injury and the resulting need for right knee surgery were caused by his accident at work.

The deputy commissioner who presided over the evidentiary hearing denied Smith's claim, because "there was nothing unusual about the condition of the steps or the motion involved" and Smith "did not offer any persuasive evidence that the height of the step caused or even contributed to his injury." The deputy commissioner further stated, "the Commission cannot simply speculate that a condition of the workplace caused or contributed to the claimant's accident."

In its final opinion, the commission on a split vote affirmed the deputy commissioner's decision to deny Smith's claim for benefits, reasoning that Smith "has been climbing into fire trucks for sixteen years and never injured his knee before. There was nothing defective or unusual about the fire truck. [Smith] did not testify that any defect or condition of the step caused his foot to slip."[2]

_____

[2] A dissenting commissioner voted to reverse the deputy commissioner. As she viewed the evidence, Smith's injury would not have occurred if his foot had slipped on a normal-sized step.

Smith now seeks a reversal of the commission's decision based on its factual finding that the injury did not arise out of the employment. We decline to do so.

## I. Standard of Review

This Court reviews "questions of fact under the highest level of appellate deference. By statute, we treat the commission's factfinding as 'conclusive and binding' if it rests on a sufficient threshold of evidence." Thorpe v. Clary, ____ Va. App. ____, ____, ____ S.E.2d ___, ____ (Feb. 1, 2011) (quoting Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 749-50, 601 S.E.2d 693, 697 (2004)). "This appellate deference is not a mere legal custom, subject to a flexible application, but a statutory command that binds us so long as a rational mind upon consideration of all the circumstances could come to the conclusion the commission adopted." Id. at ___, ___ S.E.2d at ___ (internal citations and quotation marks omitted).

"Because we do not . . . weigh the evidence on appeal, our personal view of the underlying factual debate plays no role in the task of appellate review." Id. at ____, ____ S.E.2d at ____ (internal citations and quotation marks omitted). "It thus makes no difference that 'we would have decided the fact[s] differently,' Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (*en banc*) (parenthetically quoting United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (citing Anderson v. Bessemer City, 470 U.S. 564, 573 (1985))), because the statute authorizes the commission to adopt whatever view of the evidence it considers 'most consistent with reason and justice,' Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (citation omitted)." Thorpe, ____ Va. App. at ____, ____ S.E.2d at ____.

## II. Analysis

For an injury to be compensable, it must be "by accident arising out of and in the course of the employment." Code § 65.2-101. "An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection

between the conditions under which the work is required to be performed and the resulting injury." K&G Abatement Co. v. Keil, 38 Va. App. 744, 756, 568 S.E.2d 416, 422 (2002) (citation and internal quotation marks omitted). "'The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" Id. (quoting Chesterfield v. Johnson, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989) (internal quotation marks omitted). This test excludes any hazard or danger "'to which the employee would have been equally exposed apart from the employment.'" Id. (quoting Johnson, 237 Va. at 183, 376 S.E.2d at 75).

An injury caused merely by using steps at work, by itself, is not compensable. Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002). To receive compensation, the claimant must prove that there was some "defect in the stairs" or that a "condition of the employment caused the fall." Id. (citing Southside Va. Training Ctr. v. Shell, 20 Va. App. 199, 203, 455 S.E.2d 761, 763 (1995)); see also County of Buchanan Sch. Bd. v. Horton, 35 Va. App. 26, 29, 542 S.E.2d 783, 784-85 (2001). Common examples include steps of "abnormal height or condition," Cornett, 39 Va. App. at 287, 572 S.E.2d at 509, or with a slippery surface, Jones v. Colonial Williamsburg Found., 10 Va. App. 521, 524, 392 S.E.2d 848, 850-51 (1990) (*en banc*).

Such proof must be by a "preponderance of the evidence." K&G Abatement Co., 38 Va. App. at 755, 568 S.E.2d at 421-22. Proof rises to this level of persuasion when "it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal, notwithstanding any doubts that may still linger there." N. Virginia Power Co. v. Bailey, 194 Va. 464, 471, 73 S.E.2d 425, 429 (1952); see also Concrete Pipe & Prods. v. Const. Laborers Pension Trust, 508 U.S. 602, 622 (1993); Henrico County Sch. Bd. v. Etter, 36 Va. App. 437, 446, 552 S.E.2d 372, 376 (2001).

The commission found that there was no causal connection between the height or condition of the step and Smith's knee injury.

> [Smith] was in his street clothes and he simply stepped up twenty-three inches onto a fire truck, when for some unknown reason his foot slipped, causing his knee injury. He has been climbing into fire trucks for sixteen years and never injured his knee before. There was nothing defective or unusual about the fire truck. [Smith] did not testify that any defect or condition of the step caused his foot to slip.

Because a rational mind could come to this conclusion under such circumstances, the commission's factual findings on causation must be affirmed. See generally K&G Abatement Co., 38 Va. App. at 756, 568 S.E.2d at 422 ("The actual determination of causation is a factual finding that will not be disturbed on appeal, if supported by credible evidence." (citations and internal quotation marks omitted)).

We affirm the commission's decision, finding it properly applied the governing legal principles and rested on a credible factual basis.

Affirmed.

Alston, J., dissenting.

As I believe that the commission erred when it found that there was no causal connection between the height or condition of the step and Smith's knee injury, I must respectfully disagree with the majority.

At the hearing before the deputy commissioner, Smith testified that climbing up and into the fire engine was a "normal activity" that he engaged in as a firefighter with the Rockingham County Fire Department. During direct examination, he stated that the fire engine's step, on which he slipped, was "a whole lot taller" than "a normal step"; in fact, the step was nearly two feet tall. Smith further stated he had to use a "grab bar" to pull himself into the engine due to the height of the step:

> Q: Is there any way of getting into that truck without pulling yourself up by the bar?
>
> A. Other than crawling, no. There's really no other way to get into the truck. It's kind of hard to step up that high and then take your weight and step up to the next step.

Smith further testified that as he stepped up, his foot slipped, causing his right knee to twist, resulting in immediate right knee pain. He explained that as he pulled himself up, he was in an awkward position. Thus, when he slipped, his knee bore all of his weight. The testimony in this regard was as follows:

> Q. Okay. What was the position of your body at the time your right foot slipped?
>
> A. It was very awkward. I was pulling myself up. When you---I wish I could show you, but when you pull yourself up, you've got your foot on the step, and all your weight is on this leg pulling yourself up.
>
> Q. Do you know the exact mechanism of what caused your foot to slip?
>
> A. Stepping up that high on the step. Normally when you walk up steps you don't have to step up that high.

Q. What I'm looking at is [sic] though there was a mechanism that actually caused the slipping. Do you know exactly what that was?

A. I would say it was the awkward position that I was in when my foot slipped.

Yet, despite Smith's testimony, the commission found,

The claimant was in his street clothes and he simply stepped up twenty-three inches onto a fire truck, when for some unknown reason his foot slipped, causing his knee injury. He has been climbing into fire trucks for sixteen years and never injured his knee before. There was nothing defective or unusual about the fire truck. The claimant did not testify that any defect or condition of the step caused his foot to slip.

In reaching this conclusion, the commission found that Smith failed to prove a workplace condition caused his injury. I believe that the commission's factual finding was not supported by credible evidence and thus, its legal conclusion was incorrect.

"An injury comes within the scope of the Act if it results from an accident arising out of and in the course of the injured employee's employment." Simms v. Ruby Tuesday, Inc., ___ Va. ___, ___, ___ S.E.2d ___, ___ (Jan. 13, 2011) (citing Code § 65.2-101; Hilton v. Martin, 275 Va. 176, 179, 654 S.E.2d 572, 574 (2008)). The test for determining whether an injury arises out of employment is well-established.

An injury "arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or or [sic] expected, but after the

event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (quoting In re McNicol, 102 N.E. 697, 697 (Mass. 1913)).  Accordingly, in my view, we must focus our inquiry in the instant case as to whether the step on which Smith slipped was a "danger . . . peculiar to the work and not common to the neighborhood."  See id.

As correctly noted by the majority, "steps of 'abnormal height or condition'" are considered hazards that may be the cause of compensable injuries.  *Supra* at 4 (quoting Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002)); see also Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 569, 159 S.E.2d 633, 634 (1968).  Furthermore, when a hazard of the workplace, like abnormally tall steps, causes or contributes to an accident, the claimant need not explain with specificity the exact mechanics that caused the injury to occur.  See Hosey, 208 Va. at 569, 159 S.E.2d at 634 (holding that the claimant's injury was a compensable injury arising out of the employment, despite the fact that the claimant "did not know . . . what caused her knee to twist or turn . . .").  Yet, notwithstanding this analytical framework, the commission disregarded Smith's unrebutted testimony that the step was "a whole lot taller" than "a normal step" and found that there was nothing "unusual about the fire truck."

I also believe that this Court's ruling in Haley v. Springs Global U.S., Inc., 54 Va. App. 607, 681 S.E.2d 62 (2009), further precludes a finding that the fire truck's step was not peculiar to Smith's employment.  In Haley, the claimant, who was 6'4", was injured when pulling himself up onto a step that was sixteen inches off the ground.  54 Va. App. at 610, 681 S.E.2d at 64.  The commission denied his claim for benefits, finding that the claimant failed to prove his injury "arose out of" his employment.  Id. at 611, 681 S.E.2d at 64.  This Court held,

Here, the evidence proved that the step onto which claimant placed his left foot was sixteen inches off the ground, which the parties

agree is taller than a "normal" step in a traditional staircase. However, claimant testified that, for him, going up and down these steps into the switcher *did not require any abnormal exertion*—to him, these steps were indistinguishable from the steps that he normally used outside of work. Although on brief claimant contends that stepping up onto the switcher was "an unusual movement," his testimony denied this claim. . . . Especially given claimant's height, the commission certainly was justified in believing his representations that climbing a sixteen-inch step did not create any extra exertion for him. Therefore, his injury, while it occurred at the workplace, did not arise out of his employment.

Id. at 613, 681 S.E.2d at 65 (emphasis added). This Court then concluded, "[g]iven claimant here stated that the act of stepping up onto a sixteen-inch step did not cause him any greater exertion than walking up any normal set of steps, there is sufficient evidence in this record to support the commission's finding and its denial of benefits." Id. at 615, 681 S.E.2d at 66.

In direct contrast to the Haley claimant, Smith was not able to climb the step in an ordinary fashion or without extraordinary exertion—he had to use the grab bar to pull himself up. I suggest that Haley stands for the general proposition that *one factor* to consider when determining whether a condition is specific to a particular employment is whether the condition forces the employee to engage in an "abnormal exertion." Id. at 613, 681 S.E.2d at 65. This atypical exertional element, which was absent in Haley, is present in the instant case and further refutes a finding that the step was not "unusual."

I recognize the great degree of deference that this appellate court affords the commission's factual findings, but in the instant case, I do not believe the factual findings are supported by credible evidence. Not only did Smith testify as to the unusual height of the step, but he also testified regarding the extra exertion required to climb the step, beyond that necessary to climb a regular staircase. Accordingly, I would reject a finding that the step was not "unusual" when determining the issue of causation. See Lanning v. Va. Dep't of Transp. 37 Va. App. 701, 705, 561 S.E.2d 33, 35 (2002) (citing James v. Capitol Steel Constr. Co., 8

Va. App. 512, 515, 382 S.E.2d 487, 488 (1989); Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)).

When the applicable case law is applied to the unrefuted testimony of Smith, it is clear that Smith's injury arose out of employment. Smith directly stated that it was the height of the step that placed his body in an awkward position, causing him to slip. "[A] rational mind upon consideration of all the circumstances" would find that "a causal connection between the conditions under which [Smith's] work [was] required to be performed and [his] resulting injury" existed. See Bradshaw, 170 Va. at 335, 196 S.E. at 686 (quoting In re McNicol, 102 N.E. at 697). Therefore, I respectfully dissent.