COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, McCullough and Senior Judge Bumgardner
Argued at Richmond, Virginia


GERALDINE T. PROPHET

OPINION BY
v.        Record No. 0818-11-2          JUDGE STEPHEN R. McCULLOUGH
DECEMBER 20, 2011

BULLOCK CORPORATION AND
 CINCINNATI CASUALTY COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Jean M. McKeen (Peter M. Sweeny; Tomlin & McKeen, PLLC, on
brief), for appellant.

Robert M. Himmel (Christopher M. Kite; Lucas & Kite, PLC, on
brief), for appellees.

*Amicus Curiae*:  Virginia Trial Lawyers Association (Louis D.
Snesil; Marks & Harrison, on brief), for appellant.


At issue in this appeal is whether the Workers' Compensation Commission ("the

commission") erred in concluding that a claim for medical benefits, specifically, a prescription

for a drug used to treat weight loss caused by another drug, is time-barred under Code

§ 65.2-708(A).  We conclude that the time bar found in Code § 65.2-708(A) does not apply to

appellant's claim for medical benefits.  Therefore, we reverse the decision of the commission.

BACKGROUND

Geraldine T. Prophet sustained a work-related injury to her back in 1997, while employed

as a certified nursing assistant.  She received compensation in various amounts, and pursuant to a

number of awards, for 500 weeks, the maximum allowed by statute.  See Code § 65.2-518.

Over the years, the claimant has treated her pain with a great variety of drugs.  In June

2007, the claimant's physician, Dr. Lawrence J. Winikur, prescribed Opana.  Opana is an opioid

drug prescribed to treat pain. After she began taking Opana, the claimant noticed that she was losing weight. She testified that she "looked like a skeleton." Dr. Winikur found her appearance so striking that he inquired of the claimant if she was being tested for cancer. Dr. Winikur diagnosed the claimant as suffering from "narcotic induced anorexia," or weight loss triggered by long term use of opioid medications. To address the weight loss, Dr. Winikur prescribed Marinol, an appetite stimulant. The Marinol prescription was dated November 29, 2007. The treatment was successful, and the claimant regained weight. Dr. Winikur later discontinued the claimant's use of Marinol.

On November 14, 2008, Prophet filed a claim for benefits in which she sought payment of medication expenses totaling $39,000. The employer ultimately agreed that it was responsible for all of the medications except for the Marinol. Following a hearing, Deputy Commissioner Bruner ruled in favor of the claimant. The employer appealed to the commission, contending that the claim for Marinol was time-barred by operation of Code § 65.2-708(A).

The commission, chiefly relying on Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 601 S.E.2d 693 (2004), and Tricord Homes, Inc. v. Smith, No. 0863-08-2 (Va. Ct. App. Dec. 30, 2008), reversed the deputy commissioner and held that the claim for Marinol was untimely under Code § 65.2-708(A).

ANALYSIS

The issue before the Court is one of statutory interpretation, and we review such questions *de novo*. Town of Waverly Law Enforcement v. Owens, 51 Va. App. 277, 280, 657 S.E.2d 161, 162 (2008). "As with any question of statutory interpretation, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Ruby v. Cashnet, Inc., 281 Va. 604, 609, 708 S.E.2d 871, 873-74 (2011) (quoting Conger v. Barrett, 280 Va. 627, 630, 702 S.E.2d 117, 118 (2010)).

Code § 65.2-708(A) provides in relevant part:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. . . . No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . .

I. STATUTORY TEXT AND PURPOSE COMPEL THE CONCLUSION THAT THE LIMITATIONS PERIOD IN CODE § 65.2-708(A) DOES NOT APPLY TO THE PRESCRIPTION DRUG AT ISSUE.

In arguing that the claim for Marinol is time-barred under Code § 65.2-708(A), the employer notes that the claimant last received "compensation" in November of 2005, when the maximum period for receiving compensation expired. See Code § 65.2-518 (generally providing that "[t]he total compensation payable under this title shall in no case be greater than 500 weeks"). The claimant made a request for medical reimbursement on November 14, 2008. The employer contends that this claim was made more than 24 months after she received compensation and, therefore, was beyond the time limit established in Code § 65.2-708(A).

Provided that a change-in-condition claim is timely filed, the commission is authorized under Code § 65.2-708(A) to "review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title."[1] The employer focuses on the language "any award." Under the construction of this statute advanced by the employer, the commission can review "any award" provided that the application for a change in condition is filed within 24 months after compensation was last received. The difficulty with this argument is that it focuses on two words – "any award" – while ignoring the entire thrust of the provision. The phrase "any award"

---

[1] An "award" is defined by statute as "the grant or denial of benefits or other relief under this title or any rule adopted pursuant thereto." Code § 65.2-101.

- 3 -

is tethered to the next clause, which specifies that the commission, upon reviewing any award, may make an award "ending, diminishing or increasing the compensation previously awarded." Code § 65.2-708(A). In other words, the statute of limitations applies to an application for a change in condition that seeks "compensation." If the claim is not for compensation, the time bar found in Code § 65.2-708(A) does not apply.

The term "compensation" in this setting does not encompass medical benefits. See Uninsured Emplrs. Fund v. Wilson, 46 Va. App. 500, 503-05, 619 S.E.2d 476, 478-79 (2005) ("[T]he 'conventional meaning' of compensation includes only 'wage loss compensation, also commonly known as "indemnity payments."' . . . That definition would necessarily exclude medical benefits, which usually involve payments to third-party medical providers."). Indeed, the employer does not contend that a claim for medical benefits constitutes "compensation." Because the claim for a prescription drug at issue here does not constitute a claim for "compensation," the time bar in Code § 65.2-708(A) does not apply.[2]

This conclusion is strengthened by the fact that, unlike compensation, which is payable for a maximum duration of 500 weeks under Code § 65.2-518, Code § 65.2-603(A)(1) requires an employer, "[a]s long as necessary after an accident" to "furnish or cause to be furnished . . . a physician . . . and such other necessary medical attention." These medical benefits can last for a lifetime. Reading Code § 65.2-708(A) in the way the employer argues would create a conflict between the limitations period found in Code § 65.2-708(A) and the medical benefits provision found in Code § 65.2-603(A)(1). "Proper construction seeks to harmonize the provisions of a

---

[2] Even if Code § 65.2-708(A) were ambiguous as to its scope, that would not help the employer. It has long been settled that "the provisions of the Workers' Compensation Act 'should be liberally construed to carry out [its] humane and beneficial purposes.'" Dinwiddie County Sch. Bd. v. Cole, 258 Va. 430, 436, 520 S.E.2d 650, 653 (1999) (quoting Baggett Transp. Co. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978)). Therefore, "should doubt remain, [the claimant] is entitled to the benefit of the doubt." Id. Under this settled canon of construction, the claimant would still prevail with respect to her claim for medical benefits.

statute both internally and in relation to other statutes." Hulcher v. Commonwealth, 39 Va. App. 601, 605, 575 S.E.2d 579, 581 (2003).

Read in its entirety, and in the broader context of the Workers' Compensation Act, the statute of limitations in Code § 65.2-708(A), which governs changes in condition, bars claims for compensation rather than for medical benefits.

II. PRIOR PRECEDENT DOES NOT COMPEL A READING OF CODE § 65.2-708(A) THAT WOULD BAR THE CLAIMANT'S PRESCRIPTION FOR MARINOL.

The employer's chief argument is not one of statutory construction. Instead, the employer principally contends that our decision in Berglund, 43 Va. App. 742, 601 S.E.2d 693, requires this Court to affirm the decision of the commission. We disagree with the employer.

The "doctrine [of *stare decisis*] plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles." Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 335 S.E.2d 579, 581 (1987). As the employer notes, *stare decisis* "applies not merely to the literal holding of the case, but also to its *ratio decidendi* – the essential rationale in the case that determines the judgment." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73-74, 577 S.E.2d 538, 540 (2003). "In other words, 'it is not only the result but also those portions of the opinion necessary to that result by which we are bound.'" Newman v. Newman, 42 Va. App. 557, 566 n.1, 593 S.E.2d 533, 538 n.1 (2004) (quoting Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 67 (1996)). If Berglund is in fact controlling, under the interpanel accord doctrine, the "decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." Clinchfield Coal Co., 40 Va. App. at

73, 577 S.E.2d at 540 (quoting <u>Johnson v. Commonwealth</u>, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996)).[3]

The phrase *ratio decidendi*, Latin for "the reason for the decision," means "the principle or rule of law on which a court's decision is founded." <u>Black's Law Dictionary</u> 1290 (8th ed. 2004). The *ratio decidendi* of an appellate decision is discovered by examining the opinion of the court. The claimant in <u>Berglund</u> suffered a back injury at work. 43 Va. App. at 747, 601 S.E.2d at 695. Soon after the accident, he began to experience a "severe" and "steady constant pain" in his "private area." Several months afterwards, the claimant suffered intermittent episodes of sexual dysfunction. <u>Id.</u> The question before this Court was whether Code § 65.2-601 barred a claim for a Viagra prescription to treat this sexual dysfunction. The claimant contended before the commission that his sexual dysfunction was a compensable consequence of a workplace injury to his back. <u>Id.</u> at 746-49, 601 S.E.2d at 695-96. The employer defended the claim, in part, by arguing that it was barred by the statute of limitations found in Code § 65.2-601.

This Court rejected the employer's argument, reasoning that Code § 65.2-601 did not apply. The Court explained that the time bar found in Code § 65.2-601 applies to new injuries. When an injury arises from a change in condition, rather than a new injury, the provisions of Code § 65.2-708(A) are applicable. <u>Id.</u> The Court concluded that the claimant's sexual dysfunction constituted "a change in condition, not a new and separate injury." <u>Id.</u> at 754, 601 S.E.2d at 699. Therefore, the longer statute of limitations found in Code § 65.2-708(A) applied. The Court ultimately held that because the claimant had filed his claim while under an open

---

[3] In contrast, unpublished opinions do not constitute binding authority on a subsequent panel. <u>See</u> Rule 5A:1(f). Therefore, our decision in <u>Tricord Homes</u>, No. 0863-08-2 (Va. Ct. App. Dec. 30, 2008), is not binding.

award of temporary total disability benefits, the claimant "acted before the time limitation outlined in Code § 65.2-708(A) even began to run." Id.

The *ratio decidendi* of Berglund turns on the Court's rejection of the applicability of Code § 65.2-601 to a discrete set of facts. The Berglund Court did not make any broad pronouncement about the effect of Code § 65.2-708(A) on a claim for medical benefits. Indeed, it had no occasion to do so.[4] True, the decision *assumed* that a claim for medical benefits fell within the scope of Code § 65.2-708(A), but the Court did not address the issue. A case is not authority for a point that was not actually considered or decided by the Court. See Brecht v. Abrahamson, 507 U.S. 619, 631 (1993) (holding that, when a court assumes a legal conclusion without squarely addressing the question, its assumption bears no *stare decisis* effect). Principles of *stare decisis*, therefore, do not conflict with the conclusion we reach here: that a claim for a prescription drug used to treat the side effects of prior medications does not constitute "compensation" and, therefore, does not fall within the time bar of Code § 65.2-708(A).

## CONCLUSION

Prophet's claim for Marinol is not time-barred by Code § 65.2-708(A). That statute bars untimely claims for "compensation" when a change in circumstance has occurred, and the claim here is for medical benefits, not compensation. We, therefore, reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[4] In Berglund, the claimant did not file a brief. The only brief before the Court was the brief for the employer and it simply did not address the question at issue in this case. The briefing in Tricord Homes also was lopsided – no brief was filed on behalf of the claimant. The case at bar thus presents the first opportunity for this Court to squarely address the applicability of the time bar found in Code § 65.2-708(A) to a claim for medical benefits.