Present: All the Justices

AMOCO FOAM PRODUCTS
COMPANY
                              OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 980139                    January 8, 1999

ESSIE L. JOHNSON


            FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal of an award under the Workers' Compensation
Act, we review the Court of Appeals' application of the doctrine
of compensable consequences.

     In July 1992, appellee Essie L. Johnson, the claimant,
sustained a compensable left ankle injury that arose out of and
in the course of her employment with appellant Amoco Foam
Products Company, the employer.  Following lengthy treatment and
June 1994 surgery on the ankle, the claimant fell at home in
August 1994 while recovering from the surgery when the ankle
gave way, causing injury to her right knee.

     In a September 1995 opinion, the Workers' Compensation
Commission affirmed a deputy commissioner's ruling that the 1994
right knee injury was a compensable consequence of the July 1992
industrial accident, and awarded compensation accordingly.  The
self-insured employer did not appeal this award.

     The present case arises from the claimant's application
seeking payment of compensation as a result of a further right

knee injury that occurred in November 1995 when her right knee "gave out" at home causing her to fall. The claimant sought permanent disability benefits as a result of a 20% loss of use to the right leg caused by the August 1994 compensable consequence injury. The claimant also sought compensation for a period of total work incapacity of about 30 days during November-December 1995 as a result of the further right knee injury occurring in November 1995.

In a January 1997 opinion, the Commission affirmed a deputy commissioner's decision awarding benefits. The deputy found that the claimant's November 1995 fall was a compensable consequence of her August 1994 accident, which, in the Commission's words, "was previously adjudged to be a compensable consequence of the claimant's original industrial injury."

Following the employer's appeal, a panel of the Court of Appeals unanimously affirmed the Commission. Amoco Foam Prod. Co. v. Johnson, 26 Va. App. 267, 494 S.E.2d 169 (1997). In framing the issue, the Court of Appeals said: "The determination that the 1994 knee injury was a compensable consequence of claimant's ankle injury is res judicata. It is undisputed that claimant's original 1992 injury was not the immediate cause of her 1995 injury. Consequently, the issue before us is whether as a matter of law the commission may award benefits for an injury caused by a compensable consequence, or,

2

in other words, whether a claimant may recover for a compensable consequence of a compensable consequence."  Id. at 273, 494 S.E.2d at 172.

Answering the question in the affirmative, the Court of Appeals stated:  "In the instant case, the evidence established that claimant's 1995 knee injury was causally related to her 1994 knee injury which was causally related to her initial ankle injury.  This chain of causation is direct and natural, and there is no evidence of any intervening cause attributable to claimant's conduct.  Furthermore, claimant's 1994 compensable consequence knee injury becomes a primary injury, and the injury it caused in 1995 is clearly a compensable consequence of it. We hold that claimant's November 1995 knee injury is a compensable consequence of her 1994 knee injury and of her 1992 ankle injury."  Id. at 275-76, 494 S.E.2d at 173-74.  The employer appeals.

The question is whether the Court of Appeals was correct in answering the foregoing question affirmatively.  We hold that the court erred.

Any discussion of the doctrine of compensable consequences must recognize the basic concept that a disputed accidental injury must arise out of and be in the course of employment in order to be compensable.  See Code § 65.2-101 (defining "Injury").

This Court first addressed the compensable consequences idea in Immer and Co. v. Brosnahan, 207 Va. 720, 152 S.E.2d 254 (1967). There, the question presented was "whether an employee who suffers a compensable injury may be awarded compensation for additional injuries suffered in an automobile accident occurring while the employee is en route from his place of employment to a doctor's office for further treatment of the original injury." Id. at 721, 152 S.E.2d at 255. The Court stated, regarding the second injury, "[t]he struggle seems to be with determining whether such an additional injury 'arises out of the employment.' The eternal search in making the . . . determination is to find the presence or absence of a 'causal connection' between the incidents of employment and the additional injuries." Id. at 722, 152 S.E.2d at 255-56. Affirming the employee's award of compensation, the Court said the evidence in that case established such a causal connection. Id. at 728, 152 S.E.2d at 259.

Citing Brosnahan, the Court discussed the doctrine of compensable consequences in Leonard v. Arnold, 218 Va. 210, 237 S.E.2d 97 (1977). There, a claimant was injured in a restaurant when he fell while on crutches required for treatment of an initial industrial injury. This Court pointed out that the "doctrine extends the canopy of the Workman's Compensation Act to the resulting injury . . . because the second injury is

treated as if it occurred in the course of and arising out of the employee's employment." Id. at 214, 237 S.E.2d at 100.

Under the Brosnahan test, the crucial inquiry here is whether there is a causal connection between the incidents of employment giving rise to the 1992 ankle injury and the additional 1995 knee injury. The record in this case clearly establishes there is not.

The Court of Appeals stated: "It is undisputed that claimant's original 1992 injury was not an immediate cause of her 1995 injury." This conclusion is fully supported by the relevant medical testimony. The claimant's attending physician reported in April 1996: "Essie Johnson fell originally in August of 1994. She had another fall in November 1995, but I tend to think that this was largely due to the injury of August 1994. She was having pain at the time of November 1995 following the injury of August 1994 and her knee 'buckled' on her. I tend to think that her continued pain is what actually caused her to buckle, and that this is all causily [sic] related to the August 1994 injury."

In sum, the record fails to establish a causal connection between the original injury and the November 1995 injury, a requirement for compensability of the latter injury. In other words, the latter injury did not arise out of the employment

because there is absence of a causal connection between the incidents of claimant's employment and the 1995 injury.

Under these circumstances, contrary to the Court of Appeals' ruling, it does not logically follow that merely because the 1994 injury was causally related to the 1992 accident and the 1995 injury was causally related to the 1994 injury, then the 1995 injury was causally related to the 1992 accident. The link of causation must directly connect the original accidental injury with the additional injury for which compensation is sought. Thus, the Court of Appeals erred in holding that claimant's November 1995 knee injury was a compensable consequence of her 1992 ankle injury.

Accordingly, we will reverse the judgment of the Court of Appeals affirming the award of compensation for total work incapacity from November 13 through December 12, 1995, and will enter final judgment here dismissing the application for those benefits. This judgment, however, does not affect the award of compensation "for 20% permanent loss of the right leg." Those permanent disability benefits are not legitimately in question in this appeal because they were based on the ruling that the August 1994 injury was a compensable consequence of the 1992 injury, a ruling that was not appealed.

<u>Reversed and final judgment.</u>