COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


QUEBECOR PRINTING, INC. AND
 AMERICAN PROTECTION INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 3140-01-2              PER CURIAM
                                        APRIL 9, 2002
LESA W. SIMMS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (S. Vernon Priddy III; Patsy L. Mundy; Sands
                Anderson Marks & Miller, on briefs), for
                appellants.

                (Thomas J. Schilling; Law Offices of Thomas
                J. Schilling, on brief), for appellee.


        Quebecor Printing, Inc. and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in (1) finding that Lesa W. Simms (claimant)

proved that her right knee condition constituted a compensable

consequence of her April 29, 1999 compensable left knee injury;

(2) awarding benefits for claimant's right knee condition which

resulted from a compensable consequence, a gait disturbance, of

the left knee; and (3) relying upon medical histories alone to

establish the cause of claimant's right knee condition.  Upon

reviewing the record and the parties' briefs, we conclude that

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  Furthermore, "[q]uestions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Claimant's treating orthopedic surgeon, Dr. Kenneth Zaslav, opined on December 8, 2000, as follows:

> Regarding your second question, I do believe that the current medical treatment to [claimant's] right knee is related to an industrial accident injury on 4/29/99 in the following way:
>
> Ms. Simms had to rely on her right knee more during the period of time when her left knee was being treated and during her post op course, and I believe this exacerbated an underlying patellar malalignment, causing a worsening of symptoms.

Dr. Herman Nachman, who reviewed claimant's medical records for employer, opined in a letter dated April 10, 2001 that

claimant's right knee problem was not causally related to the April 29, 1999 compensable left knee injury.

As fact finder, the commission was entitled to weigh the medical evidence. It did so, and accepted the opinion of the treating physician, Dr. Zaslav, while rejecting the opinion of Dr. Nachman, who had never examined or treated claimant. The commission concluded, "the weight of the evidence supports claimant's contention that her right knee problems are a compensable consequence of her April 29, 1999 left knee injury." "'[W]hen an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'" Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted).

Dr. Zaslav's medical records and opinions constitute credible evidence to support the commission's finding. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. and III.

On appeal, employer relies upon Amoco Foam Prods. Co. v. Johnson, 257 Va. 29, 510 S.E.2d 443 (1999), to argue that a compensable consequence of a compensable consequence is not an awardable condition. In doing so, employer contends claimant's right knee condition is not compensable because it resulted from

a compensable consequence of a gait disturbance, which was a compensable consequence of claimant's initial left knee injury. Employer also argues that the commission erred in relying upon the medical histories claimant supplied to her physicians to provide a credible account of how her right knee condition occurred, where claimant did not testify. Employer did not raise either of these arguments before the deputy commissioner or in its written statement filed on review before the full commission.

Any theory of recovery or argument not raised before the commission will not be considered by this Court for the first time on appeal. See Rule 5A:18; see also Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987). Accordingly, we will not consider these arguments for the first time on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For these reasons, we affirm the commission's decision.

Affirmed.