UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia

CREATIVE ENERGY CORPORATION OF RICHMOND
 AND CINCINNATI INSURANCE COMPANY

v.     Record No. 0314-17-2

RICHARD HOWE

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 3, 2017

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Joseph C. Veith III (Godwin, Erlandson, Vernon & Daney, LLC,
> on brief), for appellants.
>
> Jamie L. Karek (Commonwealth Law Group, on brief), for
> appellee.

Creative Energy Corporation of Richmond and its insurer (collectively, "employer")

appeal the January 26, 2017 decision of the Workers' Compensation Commission (the

"Commission") that Richard Howe ("Howe") suffered an injury that was compensable under the

Workers' Compensation Act ("Act"). Employer contends that (1) there was insufficient

evidence to prove a causal relationship between Howe's compensable left knee injury and the

treatment of his right leg and that (2) the Commission erred as a matter of law in finding that

Howe's right leg condition is a compensable consequence of his left knee injury.

On February 12, 2010, Howe suffered compensable injury to his left knee arising out of

and in the course of his employment with employer. The injury required multiple surgeries,

including an initial ACL reconstruction and meniscus repair surgery and a subsequent

arthroscopic debridement of the patella. On October 6, 2015, Howe filed a second claim for

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

coverage of both his lower extremities. Howe claimed right leg symptoms beginning in 2013 and described that he suffered from bilateral lower extremity pain and loss of use. On January 26, 2017, the Commission found that Howe's second claim was a compensable consequence of Howe's left knee injury, which decision employer now appeals.

On appeal from the Commission, "this Court reviews the evidence in the light most favorable to the prevailing party . . . ." Van Buren v. Augusta Cty., 66 Va. App. 441, 444, 787 S.E.2d 532, 533 (2016) (quoting Town & Country Hosp., LP v. Davis, 64 Va. App. 658, 660, 770 S.E.2d 790, 791 (2015)). "[T]his Court is only bound by the 'Commission's findings of fact as long as there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved, even if there is evidence in the record that would support a contrary finding.'" Newport News Shipbuilding & Dry Dock Co. v. Wardell Orthopaedics, P.C., 67 Va. App. 404, 412-13, 796 S.E.2d 461, 466 (2017) (quoting Anderson v. Anderson, 65 Va. App. 354, 361, 778 S.E.2d 132, 136 (2015)). "In determining whether credible evidence exists to support the commission's findings of fact, the appellate court does not retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Tex Tech Indus. v. Ellis, 44 Va. App. 497, 504, 605 S.E.2d 759, 762 (2004) (quoting Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

Taken in that light, the evidence is that Howe reported new neuropathic pain and other symptoms outside his left knee a short time after the initial ACL reconstruction and meniscus repair surgery. In late 2013, Dr. Daniel Martin, an orthopedic surgeon and Howe's treating physician since April 2011, first documented neuropathic symptoms in Howe's right leg. By October 2013, Dr. Martin diagnosed Howe with complex regional pain syndrome. On November 10, 2014, Dr. Martin surgically implanted a spinal cord stimulator for the purpose of treating symptoms in Howe's legs. Though the spinal cord stimulator initially reduced Howe's

pain, Howe developed pain in his left foot and ankle as his complex regional pain syndrome progressed.

On July 12, 2016, Dr. Martin testified via deposition testimony. Dr. Martin testified that, more likely than not, Howe suffered an injury around the area of the saphenous nerve that resulted in the initial pain in Howe's left leg. Dr. Martin confirmed this opinion to a reasonable degree of medical probability. Dr. Martin, however, was not able to state, within a reasonable degree of medical probability, that the injury to the saphenous nerve was the result of Howe's original February 12, 2010 injury or the surgeries that followed.

Dr. Martin also testified to the circumstances leading to neuropathic pain in Howe's right leg. Dr. Martin opined that Howe's right leg symptoms developed from a pain generator spreading from Howe's left leg, into Howe's central nervous system, and eventually into Howe's other extremities. Dr. Martin confirmed his opinion within a reasonable degree of medical probability. Dr. Martin also testified that he believes that Howe's complex regional pain syndrome is related to Howe's original injury, within a reasonable degree of medical probability. Employer presented no medical opinions contradicting Dr. Martin.

Employer argues that the Commission's determination was not supported by credible evidence in the record. To support this first assignment of error, employer alleges that the compensable consequences doctrine limits its liability. In Virginia, it is well-established that the liability of an employer for an accidental injury extends to all of the medical consequences and sequelae[1] that flow from the original injury. The compensable consequences doctrine, however, requires a "link of causation" that "directly connect[s] the original accidental injury with the additional injury for which compensation is sought." Amoco Foam Prods. Co. v. Johnson, 257

---

[1] A sequela is a pathological condition resulting from a disease, injury, therapy, or other trauma. Typically, a sequela is a chronic condition that is a complication which follows a more acute condition. It is different from, but is a consequence of, the first condition.

Va. 29, 33, 510 S.E.2d 443, 445 (1999) (relying, in part, on Immer & Co. v. Brosnahan, 207 Va. 720, 721-22, 152 S.E.2d 254, 255 (1967)). "Where such a causal link exists, the doctrine of compensable consequences extends the coverage of the Workers' Compensation Act to the subsequent injury because the subsequent injury is treated as if it occurred in the course of and arising out of the employee's employment." Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 751, 601 S.E.2d 693, 697 (2004).

The compensable consequences doctrine is also limited in application. Evidence in the record "must directly connect the original accidental injury with the additional injury for which compensation is sought." Amoco Foam Prods. Co., 257 Va. at 33, 510 S.E.2d at 445. In a compensable consequences claim, the issue is "essentially one of whether the medical evidence proves a causal relationship between the primary injury and the subsequent occurrence." Berglund Chevrolet, Inc., 43 Va. App. at 751, 601 S.E.2d at 697. It follows that the Commission may consider numerous evidentiary sources in making a causal relationship determination. More specifically, "[c]ausation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or 'the testimony of a claimant.'" Farmington Country Club, Inc. v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005).

Relying on the compensable consequences doctrine, employer argues that, because Dr. Martin cannot state to a reasonable degree of medical probability when Howe's saphenous nerve injury occurred or what caused it, Howe failed to meet his burden. Employer's point, however, goes only to the weight of the evidence, not its probative sufficiency. Additionally, the mere fact that a physician cannot determine the cause of a claimant's pain does not prove a lack of medical causation. See Herbert Bros. v. Jenkins, 14 Va. App. 715, 718-19, 419 S.E.2d 283, 285 (1992) (noting that, although the claimant's treating physician was unable to physically explain the claimant's subjective complaints, the fact that the treating physician attributed the

condition to the injury and other evidence in the record supported the Commission's findings of fact).

In his July 12, 2016 deposition, Dr. Martin opined that, within a reasonable degree of medical probability, an injury to Howe's saphenous nerve caused Howe's right leg symptoms. Dr. Martin also explained that Howe's complex regional pain syndrome developed and spread as a result of Howe's original left knee injury. As addressed by the Commission, "[w]hile Dr. Martin cannot say exactly when he believes the saphenous nerve was injured, it remains his opinion that it was injured, and that the resulting pain syndrome is directly related to the original left knee injury."

Employer's second assignment of error alleges that, at best, the evidence can only establish that Howe's right leg condition was a consequence of a compensable consequence and, thus, not compensable. In support of its argument, employer cites Amoco Foam Prods. Co., 257 Va. 29, 510 S.E.2d 443, which stands for the proposition that a claimant is barred from recovering for an injury caused by a compensable consequence, or a "consequence of a compensable consequence." Id. at 31-32, 510 S.E.2d at 443-44. Employer also relies on Paul Johnson Plastering v. Johnson, 265 Va. 237, 576 S.E.2d 447 (2002). There, the Court applied Amoco Foam and determined that the claimant's brain injury was not compensable because it constituted a consequence of a compensable consequence. Id. at 244-45, 576 S.E.2d at 451-52.

The present case is easily distinguished from those cited by employer. Here, all of Howe's symptoms developed from a pain generator in his left leg. As previously noted, Dr. Martin opined that, within a reasonable degree of medical probability, an injury to Howe's saphenous nerve resulted in Howe's right leg symptoms. Dr. Martin also explained that Howe's complex regional pain syndrome developed and spread as a result of Howe's original left knee injury. Employer presented no medical opinions contradicting Dr. Martin. Furthermore, in both

cases cited by employer, the claimed injuries occurred in different body parts and resulted in different conditions than the original compensable injuries.

In addition to the distinguishable nature of the cases that employer relies on, employer's second assignment of error fails for the same reason as its sufficiency of the evidence claim. Agreeing with Dr. Martin, the Commission found that a causal relationship exists between Howe's original compensable injury and his right leg symptoms. The Commission's determination is a finding of fact based on credible evidence. As a result, employer's argument goes only to the weight of the evidence, not its probative sufficiency.

Concluding that credible evidence supports the Commission's finding of a causal relationship between Howe's compensable left knee injury and the treatment of Howe's right leg, we hold that the Commission did not err in granting Howe's October 6, 2015 claim.

<u>Affirmed.</u>