COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and Huff
Argued by teleconference

AQUILA FITNESS CONSULTING SYSTEMS, LTD. AND
  TECHNOLOGY INSURANCE COMPANY

                                   MEMORANDUM OPINION[*] BY
v.      Record No. 1265-18-4         CHIEF JUDGE MARLA GRAFF DECKER
                                       FEBRUARY 5, 2019
JODY A. BOUDREAUX

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

      Andrew H.D. Wilson (Two Rivers Law Group, P.C., on brief), for
      appellants.

      Michael Herdman (ChasenBoscolo Injury Lawyers, on brief), for
      appellee.


Aquila Fitness Consulting Systems, Ltd., and its insurer (collectively the employer) appeal the Workers' Compensation Commission's award of benefits to Jody Boudreaux (the claimant). The employer argues that the Commission erred by concluding that the claimant's left shoulder injury was a compensable consequence of her right shoulder injury. Credible evidence supports the Commission's factual finding that the claimant's left shoulder injury was caused by the compensable injury to her other shoulder. For this reason, we affirm the Commission's decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

The claim for workers' compensation benefits underlying this appeal was based on a compensable injury that the claimant suffered to her right shoulder in the course of her employment as a fitness instructor.[2] In September 2016, approximately nine months after the injury to her right shoulder, the claimant first reported ongoing pain in her left shoulder.

An X-ray showed degeneration in the claimant's left shoulder joints. Two orthopedists evaluated the claimant's pain in that shoulder. Dr. Eric G. Dawson noted that the pain, spasms, and stiffness on her left side were "possibl[y] due to stress transfer." Dr. Anthony G. Ho diagnosed bilateral rotator cuff syndrome. He noted that the claimant believed that the pain in her left shoulder was due to "overcompensation."

The claimant sought benefits for her left shoulder injury as a compensable consequence of the original injury to her right shoulder. The employer defended against the claim based on the theory that her occupational accident did not cause her left shoulder injury.

At the evidentiary hearing, the deputy commissioner considered, along with other evidence, the claimant's testimony. She explained that following the injury to her right shoulder, she started using her non-dominant left hand for all of her everyday activities. The claimant then began having pain in her left shoulder. She stated that she had not experienced any problems with her left shoulder before the accident but now it was the primary point of her pain. The claimant testified that her left shoulder was "bothering [her] more . . . because of overcompensating."

---

[1] On appeal from the Commission, we view the evidence in the light most favorable to the prevailing party before the Commission, in this case, the claimant. See Anderson v. Anderson, 65 Va. App. 354, 361 (2015).

[2] The Commission's determination that the injury to the claimant's right shoulder was compensable is not before this Court.

After hearing the case, the deputy commissioner concluded that the compensable injury to the claimant's right shoulder ultimately caused her left shoulder injury. Accordingly, the deputy commissioner awarded her benefits related to the second injury.

The employer requested review by the Commission. In unanimously affirming the opinion of the deputy commissioner, the Commission held that the claimant proved that her original injury caused her left shoulder injury.

## II. ANALYSIS

The employer appeals the Commission's award of benefits for the claimant's left shoulder injury. It argues that the Commission erred by concluding that the injury was a compensable consequence of her right shoulder injury.

As the appellant in this case, the employer bears the "burden of showing that reversible error was committed" by the Commission. See Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012). We defer to the Commission in its role as fact finder. See Farmington Country Club, Inc. v. Marshall, 47 Va. App. 15, 26-27 (2005). In our analysis, the Commission's factual findings are binding and conclusive if supported by credible evidence. See id. This principle applies "even [if] there is evidence in the record to support a contrary finding." City of Waynesboro v. Griffin, 51 Va. App. 308, 317 (2008) (quoting Morris v. Badger Powhatan, 3 Va. App. 276, 279 (1986)). The appellate court simply does not "retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Farmington, 47 Va. App. at 26-27 (alteration in original) (quoting Wagner Enters. v. Brooks, 12 Va. App. 890, 894 (1991)).

An employee must prove his or her entitlement to workers' compensation benefits by a preponderance of the evidence. Rush v. Univ. of Va. Health Sys., 64 Va. App. 550, 555-56 (2015). In order to obtain workers' compensation benefits, a claimant must prove an injury

(1) "caused by an accident," (2) arising out of and (3) "sustained in the course of the employment." Id.; see Code § 65.2-101 (defining "employee" and "injury").

When an "injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause."[3] Anderson v. Anderson, 65 Va. App. 354, 363 (2015) (quoting Haftsavar v. All Am. Carpet & Rugs, 59 Va. App. 593, 599 (2012)). This doctrine, which allows employees "to recover for injuries that result" from employment accidents "even if those injuries . . . develop at some point in the future," is known as the "doctrine of compensable consequences." Id. Compensable consequences include a new injury caused by repetitive motion. See Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 670-71 (1998) (holding that pain caused over time by the employee's altered gait from his back injury was a compensable consequence of the original injury by accident, even though an injury caused by cumulative trauma does not require primary coverage under the Workers' Compensation Act). A secondary injury is compensable only if the employee establishes a "causal connection" between it and the original compensable injury. Amoco Foam Prods. Co. v. Johnson, 257 Va. 29, 33 (1999).

The Commission's causation finding is one of fact. Farmington, 47 Va. App. at 26. It may be proven by medical evidence or the claimant's own testimony. Id. In addition, a claimant may establish causation through circumstantial evidence as well as direct evidence. Id.; Turf Care, Inc. v. Henson, 51 Va. App. 318, 325 (2008) (noting that circumstantial evidence is entitled to the same weight as direct evidence, "provided it is sufficiently convincing" (quoting Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 357 (2004))).

---

[3] A claimant's intentional conduct can break the chain of causation, as does an intervening injury. Farmington, 47 Va. App. at 22, 27.

- 4 -

In this case, following the injury to the claimant's right shoulder, she started using her left hand for activities. She then began having pain in her left shoulder. The claimant stated that she had not experienced any problems with her left shoulder before the accident. Two orthopedists evaluated the injury to her left shoulder. One, Dr. Ho, noted that the claimant reported that she suspected that the pain in her right shoulder was due to "overcompensation." The other, Dr. Dawson, noted that the left shoulder injury was "possibl[y] due to stress transfer." The claimant testified that the cause of her left shoulder injury was overcompensation. This record supports the Commission's factual finding that the injury to the claimant's left shoulder resulted from the compensable injury to her right shoulder.

The employer also argues that the Commission used an erroneous standard of proof. It suggests that the Commission inappropriately relied on evidence that the left shoulder injury was *possibly* caused by the right shoulder injury and impermissibly did "not requir[e] credible medical opinion evidence to support a finding of causation."

The Commission applied the correct legal standard in this case. Contrary to the employer's argument, the claimant's own testimony *may* be considered as evidence of causation. Farmington, 47 Va. App. at 26; see also Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176 (1996) (noting that this principle is "especially" true when "the medical testimony is inconclusive"). In addition, a claimant may establish causation without an express expert medical opinion that the secondary injury was caused by the primary injury. See Farmington, 47 Va. App. at 26. The Commission did not err in its application of the law to the facts of this case and concluding that the claimant's secondary shoulder injury was caused by the compensable injury to her other shoulder.

## III. CONCLUSION

Credible evidence supports the Commission's finding that the claimant's left shoulder injury was caused by the compensable injury to her right shoulder.  As a result, the Commission did not err in concluding that the left shoulder injury was a compensable consequence of the primary injury.  Therefore, we affirm the Commission's decision awarding the claimant benefits.

<u>Affirmed.</u>