COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


KIM BRANCH HARRIS
                                          OPINION BY
v.   Record No. 2750-01-1        JUDGE RUDOLPH BUMGARDNER, III
                                        APRIL 23, 2002
VIRGINIA BEACH GENERAL HOSPITAL AND
 MANUFACTURERS ALLIANCE INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert J. Macbeth, Jr. (Rutter, Walsh,
            Mills & Rutter, L.L.P., on brief), for
            appellant.

            Robert A. Rapaport (Jennifer G. Tatum;
            Clarke, Dolph, Rapaport, Hardy & Hull,
            P.L.C., on brief), for appellees.


    Kim Branch Harris appeals the denial of her claim for

reinstatement of suspended benefits.  She contends the Workers'

Compensation Commission erred in applying the statute of

limitations of Code § 65.2-708.[1]  She also contends the doctrines

_____

        [1] Code § 65.2-708(A) provides in pertinent part:

            Upon its own motion or upon the
            application of any party in interest, on the
            ground of a change in condition, the
            Commission may review any award and on such
            review may make an award ending, diminishing
            or increasing the compensation previously
            awarded . . . .  No such review shall be
            made after twenty-four months from the last
            day for which compensation was paid,
            pursuant to an award under this title
            . . . .

of estoppel or imposition bar a defense of the statute of limitations. Finding no error, we affirm.

The worker sustained a compensable injury to her back in 1991. The last compensation award was entered December 5, 1995. The worker was referred to Dr. Lisa Barr, but she refused Dr. Barr's treatment. The deputy commissioner suspended the worker's benefits for unjustifiably refusing medical treatment effective September 12, 1997. The commission and this Court affirmed the suspension.

On October 10, 2000, more than two years after compensation was last paid, the worker filed an application to reinstate benefits. She alleged that she had cured her prior refusal of medical care by receiving treatment from Dr. Barr from May 19, 1999 to June 21, 1999. The deputy commissioner ruled that Code § 65.2-708 barred the application as untimely, and the full commission affirmed.

The worker contends Code § 65.2-708 does not apply to reinstatement of suspended benefits. She cites Hercules, Inc. v. Carter, 13 Va. App. 219, 409 S.E.2d 637, aff'd en banc, 14 Va. App. 886, 419 S.E.2d 438 (1992), and maintains she was entitled to an automatic reinstatement of benefits upon curing her refusal of treatment.

In Hercules, the commission suspended benefits when a worker refused selective employment. Subsequently, the worker cured the refusal and sought to reinstate his award. This Court

-

held that Code § 65.2-708 did not control because the statute applied only to a '"change in the conditions under which compensation was <u>awarded</u> or <u>terminated</u> . . . .'" <u>Id.</u> at 223, 409 S.E.2d at 639 (quoting Code § 65.1-8, now Code § 65.2-101). The worker's benefits were suspended, and the definition of "change in condition" did not encompass "suspended" benefits. By implication, Code § 65.2-708 would apply had the term "suspended" been included in the definition.

In 1991, the General Assembly amended the definition of "change in condition" and inserted the term "suspended": "any change in the conditions under which compensation was awarded, <u>suspended</u>, or terminated . . . ." Code § 65.2-101 (emphasis added). With that amendment, the rationale of <u>Hercules</u> commanded a different result. Code § 65.2-708 had not applied to suspended awards because the definition of "change of condition" did not include the term "suspended." However, the code section would apply to suspended awards after the General Assembly inserted the term into that definition.

The commission also reached that conclusion in <u>Attia v. W9Y Constr. Co., Inc.</u>, 76 Va. WC 332, 336-37 (1997) (after 1991 suspended awards are reviewed under Code § 65.2-708), and <u>Kaya v. Northwest Airlines</u>, 77 Va. WC 108, 112 (1998) (the expanded definition of change of condition "effectively vitiated the distinction between <u>suspended</u> and <u>terminated</u>"). Interpretations of the act by the commission are entitled to great weight.

-

Peyton v. Williams, 206 Va. 595, 600, 145 S.E.2d 147, 151 (1965).

Code § 65.2-708 required the worker to file a change in condition application within two years from the last date compensation was paid.  Armstrong Furniture v. Elder, 4 Va. App. 238, 241, 356 S.E.2d 614, 615 (1987).  That was September 12, 1997.  The worker filed her application October 10, 2000, more than two years after she was last paid compensation.  The application was not timely and was barred by the statute of limitations.[2]

Next, we consider whether the doctrines of estoppel or imposition bar the employer from asserting its plea of the statute of limitations.  Estoppel bars a plea of the statute of limitations if a worker relied on an employer's acts or statements to her detriment and refrained from filing a claim. Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990).  The doctrine of imposition empowers the commission "to do full and complete justice" and permits an award even in the absence of fraud, mistake, or concealment.  It bars an employer from asserting the

---

[2] The worker argues that Code § 65.2-708(C) extends the period of the statute of limitations.  Those provisions do not apply because she received no compensation after September 11, 1997 and could not have been lulled into a false sense of security.  Scott v. Scott, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993).

defense when it used economic leverage or superior knowledge to induce the worker to refrain from filing a petition.  <u>Avon Prods., Inc. v. Ross</u>, 14 Va. App. 1, 8, 415 S.E.2d 225, 229 (1992).

The worker contends the doctrines of estoppel or imposition apply because the employer knew of and paid for her medical treatment.  However, voluntary payment of medical bills alone does not bar an employer from asserting the statute of limitations.  <u>Stuart Circle Hosp. v. Alderson</u>, 223 Va. 205, 209, 288 S.E.2d 445, 447 (1982).  The worker points to no other acts or statements of the employer which induced her not to file a timely petition.  The evidence does not support application of either estoppel or imposition.

We conclude the worker failed to file a timely application for reinstatement of her suspended benefits.  Accordingly, we affirm.

<u>Affirmed.</u>

-