COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Russell and Senior Judge Clements
Argued at Salem, Virginia

PUBLISHED

MARCIA MORRIS

v.      Record No. 0088-19-3

FEDERAL EXPRESS CORPORATION

OPINION BY
JUDGE WESLEY G. RUSSELL, JR.
JULY 16, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael L. Ritchie (Ritchie Law Firm, P.L.C., on briefs), for
appellant.

Nirav Patel (Franklin & Prokopik, P.C., on brief), for appellee.

Appellant Marcia Morris, claimant, appeals a decision of the Virginia Workers'

Compensation Commission finding that her November 2017 change in condition application for

additional wage benefits stemming from a July 2015 accident was barred by the applicable

statute of limitations. For the reasons that follow, we conclude that her application for additional

wage benefits was time barred and affirm the judgment of the Commission.

BACKGROUND

When reviewing an appeal from the Commission, we consider the evidence in the light

most favorable to the prevailing party below. Layne v. Crist Elec. Contractor, Inc., 64 Va. App.

342, 345 (2015). Accordingly, we view the evidence in the light most favorable to claimant's

employer, Federal Express, and grant it all "reasonable inferences that may be drawn from" such

a view of the evidence. Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83 (2005).

Claimant is employed by Federal Express as a courier. On July 29, 2015, she was injured

at work when a package fell on her, causing her to then fall out of the delivery truck onto the

ground. She filed a claim for workers' compensation benefits on August 7, 2015, claiming an injury to her "head, shoulder, hip, ribs, [and] face." On August 17, 2015, she filed another claim relating to the same accident, alleging she suffered "head trauma, fractured ribs, [and] contusion/abrasions [to her] left arm [and] hip." Both claims were made using Commission forms and the portion related to benefits requested was left blank.

On February 25, 2016, claimant and employer entered into an award agreement by which employer accepted as compensable claimant's "[h]ead [t]rauma and [r]ib fracture." With respect to temporary total disability benefits, the agreement provided for an initial open award beginning July 30, 2015, but the parties also agreed that claimant had returned to work on October 7, 2015, so that her wage loss compensation would be terminated. On March 1, 2016, the Commission entered an award order approving the parties' agreement; the order directed that claimant, based on her July 29, 2015 accident, receive wage benefits for the period from July 30, 2015 to October 6, 2015, and lifetime medical benefits for her "head trauma and rib fracture."

After claimant had returned to work, she was involved in another, unrelated compensable accident and suffered a resultant injury. In December 2016, she fractured her right little finger and was again unable to return to work. For this accident, the Commission entered an agreed award granting temporary total disability benefits beginning December 27, 2016.[1]

While still receiving wage benefits pursuant to the award for the December 2016 accident, claimant filed a July 19, 2017 letter with the Commission. Expressly referencing the prior grant of "Lifetime Medical" benefits related to the 2015 accident, claimant requested that the Commission amend its March 1, 2016 order related to that accident to substitute the phrase

---

[1] As of June 19, 2019, the date of oral argument in this Court, claimant was still receiving the wage benefits related to the December 2016 accident. Claimant's counsel represented that, under the terms of the award, she may continue to receive wage benefits related to the December 2016 accident injury until 2026.

"traumatic brain injury" for "head trauma." Claimant stated that the change should be made "[f]or the sake of clarity" and did not indicate that such a change would affect either party's substantive rights or obligations. Nothing in the letter suggested that claimant was asserting a new claim of any kind. Nowhere in the letter did claimant assert she was entitled to additional wage/disability benefits; in fact, the letter contains no express reference to such benefits.

On November 7, 2017, claimant filed an application (hereinafter "November 2017 application" or "November 2017 change in condition application") for additional wage benefits related to the July 2015 accident.[2] Using a Commission form, she requested ongoing compensation for work missed beginning June 20, 2017, because of the "[t]raumatic [b]rain [i]njury" she alleged to have sustained in the 2015 accident. Attached to the claim form and serving as the basis of her request for wage benefits were medical records from doctor visits that occurred in June, July, and August 2017.[3]

The parties entered a joint stipulation whereby they agreed that the March 2016 award order be amended to allow for lifetime medical benefits for claimant's "subdural hematoma, subarachnoid hemorrhage, [and] temporal epidural hematoma[.]" The stipulation did not provide for any new wage benefits; rather the parties agreed "[t]hat the issue of claimant's entitlement to [new wage benefits] may be resolved with an [o]n the [r]ecord decision and that the respective position statements will be submitted within two weeks of the entry of [the stipulation]." The Commission approved the joint stipulation on April 24, 2018, and the parties filed their position statements.

---

[2] The next day, November 8, 2017, claimant filed another letter with the Commission asking the Commission to "accept the [November 7] Claim for Benefits as [her] request to amend" her July 2017 filing.

[3] The records noted claimant was suffering from balance and sleep issues and indicated that she was unable to return to work.

Employer defended the November 2017 application for additional wage benefits arising from claimant's July 2015 accident on statute of limitations grounds. Employer argued that, pursuant to Code § 65.2-708(A), claimant had until October 6, 2017, two years after the date for which she last received compensation for the July 2015 accident, to file a change in condition application and had failed to do so. In response, claimant contended that, because she had suffered multiple injuries with the same employer, Code § 65.2-506 also applied. Claimant noted that "[t]here is no specific rule on how payment for a change in condition under Virginia Code § 65.2-708 would be affected by multiple injuries under Va. Code § 65.2-506[; n]either code section specifically addresses how a change in condition application from an earlier injury is affected by a subsequent injury." Claimant then suggested that, because she was receiving compensation for her December 2016 accident, "the time limit in Va. Code § 65.2-708 is tolled until that payment is terminated or exhausted." In the alternative, claimant asserted that, in the event Code § 65.2-506 did not operate to toll Code § 65.2-708(A), "the Commission must determine if [her] claim for a change in condition is timely filed." Claimant acknowledged that her November 2017 filings "fell outside" the period set forth by Code § 65.2-708(A), but nonetheless argued that they related back to earlier filings that had been made before the expiration of the applicable statute of limitations.

The deputy commissioner concluded that the November 2017 application was time barred by Code § 65.2-708(A) and denied the request for additional wage benefits. Claimant sought full Commission review. Before the Commission, claimant argued that the deputy commissioner erred in applying Code § 65.2-708(A) to her "motion to amend to conform the pleadings to the facts already admitted into evidence" because the application did not assert a new claim. In addition, claimant again argued that the applicable period of limitations had been tolled.

In a December 19, 2018 opinion written by Commissioner Marshall, the Commission unanimously affirmed the decision of the deputy commissioner. The Commission concluded that claimant's November 2017 application for wage benefits did not relate back to her July 19, 2017 request to modify the description of the injuries she had suffered in the 2015 accident. The Commission further determined that Code § 65.2-506 did "not address the circumstances presented by [claimant's] case[,]" and thus, did not toll the statute of limitations found in Code § 65.2-708(A).

Claimant now appeals to this Court arguing that the Commission erred in concluding that her claim was barred by the applicable statute of limitations.

ANALYSIS

I. Standard of Review

"[W]hether a statute of limitations bars a workers' compensation claim is a question of law that this Court considers *de novo.*" Marshalls, Inc. v. Huffman, 59 Va. App. 117, 122 (2011). To the extent such an inquiry requires us to interpret a statute, "our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Prophet v. Bullock Corp., 59 Va. App. 313, 316 (2011) (quoting Ruby v. Cashnet, Inc., 281 Va. 604, 609 (2011)). Appellate courts "are not permitted, under the guise of judicial construction, to rewrite the plain language of a statute." Desai v. A. R. Design Grp., Inc., 293 Va. 426, 438 (2017). Accordingly, we are "not free to add language, nor to ignore language, contained in statutes." Signal Corp. v. Keane Fed. Sys., 265 Va. 38, 46 (2003).

II. Code § 65.2-708(A)

Properly treating the November 2017 application seeking additional wage benefits related to the 2015 accident as a change in condition application,[4] the Commission concluded that it was time barred by Code § 65.2-708(A). Code § 65.2-708(A) provides, in pertinent part, that

> on the ground of a change in condition, the Commission may review any award of compensation and on such review may make an award ending, diminishing or increasing the compensation previously awarded . . . . No such review shall be made after 24 months from the last day for which compensation was paid, pursuant to an award under this title . . . .[5]

As employer argues, applying this plain statutory language to the undisputed facts leads inexorably to the conclusion that Code § 65.2-708(A) bars the November 2017 claim. It is undisputed that the date for which claimant last received compensation for the 2015 injury was October 6, 2015.[6] It therefore is also undisputed that the November 2017 application seeking additional compensation related to the 2015 injury was filed more than "24 months from the last day for which compensation was paid, pursuant to an award under this title[.]" Id. Accordingly, absent some circumstance precluding the direct application of the unambiguous statutory language, the Commission did not err in concluding that the November 2017 application was

---

[4] Code § 65.2-101 defines a "change in condition" as "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation." The new symptoms and problems claimant raised in the November 2017 application, if proven, would constitute a change in condition.

[5] In subsections (i) and (ii) of Code § 65.2-708(A), the General Assembly provided exceptions to the 24-month limitations period in specified, limited circumstances. Claimant does not contend that the circumstances described in subsections (i) or (ii) are present here.

[6] Although the lifetime medical award for claimant's 2015 accident and resultant injuries remained (and continues to remain) in place, "compensation" as used in Code § 65.2-708(A) "does not encompass medical benefits." Prophet, 59 Va. App. at 318. Rather, "it includes only wage loss compensation[.]" Uninsured Emp'rs Fund v. Wilson, 46 Va. App. 500, 503 (2005) (internal quotation marks omitted).

- 6 -

barred by Code § 65.2-708(A).  See Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 754

(2004) ("Code § 65.2-708(A) . . . requires filing within 24 months from the 'last day for which

compensation was paid, pursuant to an award' by the [C]ommission.").

Claimant does not dispute that applying the express language of Code § 65.2-708(A) to

the facts of her case leads to this conclusion.  In her reply brief filed in this Court, she concedes

that "[i]f Section 708(A) were the only statutory section that applied in this case then the

Appellee['s] argument would be well founded."  She contends that another statute and her

specific circumstances require something other than a straightforward application of the

language of Code § 65.2-708(A).[7]  We now turn to those contentions.

### III.  Text of Code § 65.2-506

Claimant contends that Code § 65.2-708(A)'s limitations period was tolled by operation

of Code § 65.2-506.  We disagree.

Code § 65.2-506 provides that

> [i]f an employee receives an injury for which compensation is
> payable while he is still receiving or entitled to compensation for a
> previous injury in the same employment, he shall not at the same
> time be entitled to compensation for both injuries, but if he is, at
> the time of the second injury, receiving compensation under the
> provisions of § 65.2-503, payments of compensation thereunder
> shall be suspended during the period compensation is paid on
> account of the second injury, and after the termination of payments
> of compensation for the second injury, payments on account of the

---

[7] In discussing the predecessor statute to Code § 65.2-708(A), we noted that it "is not a statute of limitations in the ordinary sense."  Armstrong Furniture v. Elder, 4 Va. App. 238, 241 (1987).  Unlike ordinary statutes of limitations, Code § 65.2-708(A)'s time period does not begin running from the injury/change in condition, but rather, is tied to the date compensation was last paid and requires "that the change in condition must occur within twenty-four months from" that date.  Id.  As the Commission implicitly held and as the parties explicitly agreed at oral argument in this Court, this language does not render timely a change in condition application filed more than two years after the last date for which a claimant last received compensation under an award so long as the application alleges that the change occurred within two years of that date.  Such a construction effectively would eliminate the limitations period and allow a change in condition application to be filed decades after the date for which compensation was last paid so long as it contained an allegation that the problem arose within the two years of that date.

> first injury shall be resumed and continued until the entire amount originally awarded has been paid. However, if, at the time of the second injury, he is receiving compensation under the provisions of § 65.2-502, then no compensation shall be payable on account of the first injury during the period he receives compensation for the second injury.

The text of Code § 65.2-506 simply does not support claimant's argument that it tolls or even was intended to toll the statute of limitations found in Code § 65.2-708(A). By its terms, Code § 65.2-506 is a statute of limited scope addressing only how wage benefits are to be paid if a claimant simultaneously is otherwise entitled to wage benefits for two separate injuries that occurred at different times. See E.I. Du Pont De Nemours v. Eggleston, 264 Va. 13, 19 (2002) (recognizing that "Code § 65.2-506 provides that a claimant may not receive compensation for more than one injury at a time"). It contains no reference to filings, filing deadlines, statutes of limitations, tolling, or Code § 65.2-708(A). Given the complete lack of any such reference, we conclude that the General Assembly did not intend for Code § 65.2-506 to toll the limitations period found in Code § 65.2-708(A).

Although the absence of any language in Code § 65.2-506 to even suggest that it could operate to toll the statute of limitations provides more than a sufficient basis for our conclusion, our conclusion finds further support in other statutory provisions in which the General Assembly has explicitly limited the running of Code § 65.2-708(A)'s limitations period. As noted above, subsections (i) and (ii) of Code § 65.2-708(A) expressly alter the operation of the twenty-four-month limitations period in certain, limited circumstances. Additionally, Code § 65.2-708(C) alters the normal definition of compensation in certain circumstances to include light-duty wages, effectively tolling Code § 65.2-708(A)'s limitations period. See Greene v. Gwaltney of Smithfield, Inc., 13 Va. App. 486, 492 (1992) (interpreting predecessor statute and concluding that a claimant meeting the statutory condition "is afforded an additional twenty-four months before the statute of limitations of Code § [65.2-708(A)] begins to run"). The fact that

- 8 -

the General Assembly explicitly tolled or otherwise limited the operation of Code § 65.2-708(A)'s limitations period in these provisions is fatal to claimant's assertion that they would do so *sub silentio* in Code § 65.2-506.

### IV. Code § 65.2-506 as a Basis for Equitable Tolling

Given the lack of express text to support her tolling argument and recognizing that "section 65.2-506 does not directly address [her] situation[,]" claimant argues we should conclude that the operation of Code § 65.2-506 provides a basis to equitably toll the statute of limitations. She notes that Code § 65.2-506 "prevented any [new wage benefit] award from being entered" related to the 2015 accident so long as she was receiving wage benefits related to her 2016 accident. Given this, she reasons that she should not have been required to file her new claim for wage benefits related to the 2015 accident because "[i]t would have made no sense to even adjudicate that issue since it would not have resulted in any change in benefits to the claimant or liability to the employer" unless and until she ceased receiving wage benefits related to the 2016 accident. In short, she argues that it is "unfair" to require her to have filed within the limitations period because, even if eventually successful in her claim, she would not receive wage benefits for the claim for some time.

We have recognized equitable bars, such as estoppel and imposition, that prevent an employer from asserting a statute of limitations defense. See, e.g., Harris v. Va. Beach Gen. Hosp., 38 Va. App. 187, 191 (2002). These judicially recognized exceptions generally arise from some action of an employer, whether fraud, concealment, or simply exercising financial leverage or superior knowledge to gain an unfair advantage. Id. Because these judicially recognized doctrines are exceptions to statutory limitations periods created by the General Assembly, we do not invoke them lightly and generally resist calls to expand their scope. Cf.

Lysable Transp., Inc. v. Patton, 57 Va. App. 408, 415 (2010) (declining to expand the judicially created *de facto* award doctrine "beyond its original parameters").

We decline to extend those doctrines (or create a new one) to address claimant's situation. There is nothing in the record to suggest that the employer took any action on which claimant relied that prevented or discouraged her from pursuing the November 2017 application in a timely manner. Claimant and her counsel knew or should have known of Code § 65.2-708(A)'s limitations period. Furthermore, the medical opinions on which the November 2017 change in condition application was based were the result of medical visits in June, July, and August of 2017, months before the period of limitations expired in October 2017. Accordingly, claimant had all of the information to make the claim well before the limitations period expired and, for whatever reason, chose not to do so. Given these circumstances, we see no unfairness in requiring claimant to comply with the statutory scheme established by the General Assembly.

That claimant may not have been able to receive additional wage benefits immediately after filing does not render the statutory requirement unfair. All claimant had to do to maintain the viability of her claim for wage benefits was to *file* the claim with the Commission within the two-year period. She was not required to *prove* the claim within the two-year period or immediately upon filing. See Sw. Va. Tire, Inc. v. Bryant, 31 Va. App. 655, 660-61 (2000). To the extent that claimant wished to avoid the costs of a hearing while she was receiving wage benefits for the 2016 accident, she had options, including asking the Commission to hold the latest change in condition application in abeyance while she was still receiving benefits for the 2016 accident. What she could not do was fail to notify employer and the Commission within the limitations period that she claimed entitlement to additional wage benefits for the 2015 accident.

- 10 -

Underlying much of claimant's equitable argument is that it is unfair for *any* change of condition application to be barred by the statute of limitations. She reasons that employer was on notice of the original injury and was aware of the benefits she had received to date for the 2015 accident, namely a lifetime medical award and the previously paid wage benefits, and thus, could not be surprised or prejudiced by her subsequently filed change in condition application. An employer possesses such knowledge in the case of every change in condition application. After all, such applications, by definition, always relate to a prior accident for which some award has been made. If claimant's position is taken to its logical conclusion, no change in condition application could ever be barred by the statute of limitations. Such a result cannot be reconciled with the plain language of Code § 65.2-708(A), and thus, we reject it.[8]

## V. Relation Back and the November 2017 Application

In addition to her arguments regarding tolling, claimant consistently has argued that the November 2017 application, despite being filed more than twenty-four months after the date for which she last received compensation for the 2015 accident, should be deemed timely filed because it relates back to earlier filings that she made prior to the expiration of the limitations period. The Commission considered and rejected this argument, concluding that the November 2017 application did not relate back to her prior filings. We agree.

---

[8] Claimant also argues that any claim being barred by the statute of limitations is "unfair." We disagree that enforcing the statutory scheme as written is unfair. Virginia's workers' compensation system is wholly a creation of statute. Eggleston, 264 Va. at 17. In creating the system, the General Assembly assigned burdens and granted benefits to both claimants and employers. It is not unfair to leave the burdens and benefits where the General Assembly placed them; rather, it would be unfair to grant a party a benefit or relieve a party of a burden at the expense of an innocent opposing party's reasonable reliance on the statutory scheme as written. Cf. Browning v. Browning, 68 Va. App. 19, 31 (2017) ("Although enforcing the Rules of Court may lead to harsh results in individual cases, it is not unfair.").

In support of her relation back claims, claimant cites both cases and statutes applicable to civil claims generally. She argues that, although encompassing additional factors, the relation back rule in such cases is primarily focused on whether the later claim arises from the same transaction or occurrence as the earlier filing. See, e.g., Code § 8.01-6.1. She reasoned at oral argument that the November 2017 application easily meets this test because it arose out of the same transaction and occurrence, the July 2015 injury by accident, for which employer had already paid wage benefits and was still under an obligation to pay medical benefits.

Although in our workers' compensation decisions we have analogized to the relation back rules applicable to civil claims generally, we do so only when there is "no reason to preclude [their] application" to a workers' compensation case. Hospice Choice, Inc. v. O'Quin, 42 Va. App. 598, 605 (2004) (applying relation back doctrine to initial and amended claim for wage benefits prior to the entry of an award after concluding that there was no material change in the claim asserted). Thus, we recognize that differences between the workers' compensation system and general civil litigation may dictate that the civil litigation relation back rules do not apply chapter and verse to workers' compensation claims in all circumstances.

Change in condition applications pose one such circumstance. They are unlike "normal" civil cases in that they seek additional benefits by way of a filing that is first made *after* the initial claim has been adjudicated and an award has been entered. By definition, every change in condition application seeks benefits related, in some way, to the initial accident underlying the prior award. Thus, *every* change in condition application will arise out of a transaction or occurrence that was raised in a prior filing, i.e., the initial claim for benefits that generated the subject award.

As a result, the fact that a change in condition application arises out of the same transaction and occurrence as the initial claim cannot provide the basis for concluding that it

- 12 -

relates back to the initial filing for the purposes of the statute of limitations found in Code § 65.2-708(A). To hold otherwise would render Code § 65.2-708(A)'s limitations period a nullity.

This is not to say that the relation back doctrine never applies to change in condition applications. See e.g., Crystal Oil Co. v. Dotson, 12 Va. App. 1014, 1020 (1991) (allowing relation back in a change in condition context). Rather, the inquiry in such cases is not whether the later filing relates back to the initial claim but whether it relates back to an earlier change in condition application that was filed within the statutory period. Accordingly, we now address claimant's July 2017 filing with the Commission.

Claimant asserts that the November 2017 application relates back to her July 2017 filing because the November 2017 application "in substance" was not a new change in condition application, but rather, was merely a motion to amend the July 2017 filing. She argues that the July 2017 filing provided sufficient notice to the employer and the Commission of the potential for a new wage loss claim related to the July 2015 accident as to make relation back appropriate. The Commission disagreed, noting that the July 2017 filing did not raise the issue of wage benefits and concluding "that where no claim is made for wage loss benefits within the prescribed time, a subsequent filing cannot relate back to an earlier claim seeking remedies exclusive of wage benefits." We agree with the Commission.

The July 2017 filing makes no request that the Commission enter a revised award "ending, diminishing or increasing the compensation previously awarded." Code § 65.2-708(A). Although it references the prior award of "Lifetime Medical" benefits, it does not contain an express request that any additional medical benefits are requested. It contains *no* reference to wage benefits, whether previously awarded or that might be awarded in the future. By its terms, the July 2017 filing does not contain a request for any change in benefits of any kind; rather, it

- 13 -

seeks only to have the Commission amend the prior award order by substituting the phrase "traumatic brain injury" for "head trauma." It suggests that this change would not affect either party's substantive rights or obligations, but should be made "[f]or the sake of clarity[.]"

Because nothing in the July 2017 filing can fairly be read as placing either employer or the Commission on notice that claimant was seeking or would seek in the future additional wage benefits related to the July 2015 accident, the November 2017 application for such additional wage benefits represented a new claim. As a result, the Commission correctly concluded that the November 2017 application did not relate back to the July 2017 filing for statute of limitations purposes. Cf. O'Quin, 42 Va. App. at 605 (affirming Commission's application of the relation back doctrine when *both* filings sought wage benefits for the same accident). Accordingly, the Commission did not err in concluding that the November 2017 change in condition application was barred by the applicable statute of limitations.

## CONCLUSION

For the foregoing reasons, we conclude that claimant's November 2017 change in condition application was filed after the expiration of the applicable statute of limitations and did not relate back to any of her previous filings. Accordingly, the judgment of the Commission is affirmed.

Affirmed.